UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 15-21125 (JJT) |
| | ) | | |
| ESTHER LADIPO, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | | |
| THOMAS C. BOSCARINO, | ) | ADV. PRO. No. | 16-02002 |
| CHAPTER 7 TRUSTEE | ) | | |
| | ) | | |
| PLAINTIFF | ) | | |
| V. | ) | | |
| | ) | RE: ECF No. | 40, 52 |
| ITHACA COLLEGE, | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

## APPEARANCES

| | |
|---|---|
| Jeffrey Hellman, Esq. | Counsel for the Chapter 7 Trustee |
| Law Offices of Jeffrey Hellman, LLC | |
| 195 Church Street, 10th Floor | |
| New Haven, CT 06510 | |
| | |
| Douglas S. Skalka, Esq. | Counsel for the Defendant |
| Neubert, Pepe & Monteith, P.C. | |
| 195 Church Street | |
| New Haven, CT 06510 | |
| | |
| Sara C. Temes, Esq. and Daniel J. Pautz, Esq. | Counsel for the Defendant |
| Bond Schoeneck & King, PLLC | |
| One Lincoln Center | |
| Syracuse, NY 13224 | |

**MEMORANDUM OF DECISION ON THE**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*Introduction*

Ithaca College, the Defendant in the above-captioned adversary proceeding, seeks the entry of summary judgment in its favor dismissing the Complaint filed by Plaintiff Thomas C. Boscarino in his capacity as Chapter 7 Trustee in the above-captioned Chapter 7 case. Pursuant to 11 U.S.C. §§548, 544 and 550 of the United States Bankruptcy Code, the Trustee seeks to recover, as constructive fraudulent transfers, certain Federal Direct Parent PLUS loan payments disbursed to the Defendant for the college tuition of the Debtor's adult child. For the reasons stated herein, the Motion for Summary Judgment is granted.

*Jurisdiction*

This Court has jurisdiction under 28 U.S.C. §§157 and 1334(b) and may hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (E), (H) and (O). The parties herein have consented to this Court's jurisdiction to enter final orders in this Adversary Proceeding. *See* ECF Nos. 61 and 62.

*Law*

The Court may grant a motion under Federal Rule of Civil Procedure 56(c), applicable to adversary proceedings through Federal Bankruptcy Rule 7056, if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists,   must resolve all ambiguities and draw all reasonable inferences against the moving party. However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is

2

a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quotations omitted).

It is well settled that summary judgment is an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations and quotations omitted). Accordingly, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *see also In re Hayes*, 183 F.3d 162, 166 (2d Cir. 1999). Thus, "[w]hen ruling on motions for summary judgment, 'the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *In re Flanagan*, 373 B.R. 216, 221-22 (Bankr. D. Conn. 2007) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

*Discussion*

After review of the Motion for Summary Judgment and the parties' memoranda related thereto, this Court finds and adjudges that there are no genuine disputes of material fact. *See* Def. Loc. Rule 56(a)1 Statmt, ECF No. 41. Under applicable law, by its nature, form and substance, the transfer of the proceeds of Parent PLUS loan payments to Ithaca College do not constitute a transfer of property of the Debtor's estate, as defined in 11 U.S.C §§ 548(a)(1)(B), 544(b)(1), and Conn. Gen. Stat § 52-522b. *See In re Kennedy*, 279 B.R. 455, 460 (Bankr. D. Conn. 2002) (holding that, for the purposes of fraudulent transfer law, the debtor must exercise dominion and/or control over the property and the transfer of such property must diminish the debtor's estate). The decisions *Eisenberg v. Pennsylvania State University* (*In re Lewis*), 574 B.R. 536 (Bankr. E.D. Pa. 2017) and *Shapiro v. Gideon (In re Gideon)*, Case No. 15-50464, Adv. Pro. No.

3

16-04939 (TJT) (Bankr. E.D. Mich. Apr. 26, 2017), followed by this Court in its recent decision, *Novak v. University of Miami (In re Demitrus)*, Case No. 15-22081, Adv. Pro. No. 17-02036 (JJT), ECF No. 32 (Bankr. D. Conn. Feb. 26, 2018) are otherwise fully dipositive of that issue, in fact and law, and support the aforesaid finding. Because the Parent PLUS loan payments here were neither part of the Debtor's estate prior to the filing of her bankruptcy petition nor would have been available for distribution to her creditors at that time, the Trustee cannot demonstrate the requisite interest to support his claim under the Bankruptcy Code.

Accordingly, the Defendant is entitled to the entry of summary judgment in its favor. The Clerk shall enter a judgment in favor of the Defendant in accordance herewith and close the case.

IT IS SO ORDERED at Hartford, Connecticut this 27th day of February 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

4